Hollis Hawkins v. The State.

No. 1463.   Decided January 10, 1912.

Theft—Information—Words and Phrases—Bad Spelling.

Where, upon trial of theft, the information and complaint, instead of using the word "appropriate," used in lieu thereof "apprpriate," the letter "o" being omitted in spelling the word, there was no error in overruling a motion to quash. Following Earp v. State, 41 Texas, 487, and other cases.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of theft; penalty, thirty days confinement in the county jail.

The opinion states the case.

*V. E. Middlebrook,* for appellant.—On the question of the insufficiency of the information: Williams v. State, 12 Texas Crim. App., 395; Hallant v. State, 14 id., 234; Peralto v. State, 17 id., 578; Jones v. State, 25 id., 621; Evans v. State, 34 Texas Crim. Rep., 110; Wells v. State, 50 id., 499.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was tried and convicted under an information and complaint charging him with theft and his punishment assessed at confinement in the county jail for thirty days.

The information alleges that appellant did unlawfully and fraudulently take from the possession of J. F. Boatman one slicker of the value of $3.50, the same being the corporeal personal property of and belonging to said Boatman, without his consent, and with the intent to deprive him of the value thereof, and to "apprpriate" the said property to his own use and benefit.

The only question presented on appeal is that the information and complaint instead of using the word *appropriate* used in lieu thereof "apprpriate," the letter "o" being omitted in spelling the word.

In the case of Jones v. State, 25 Texas Crim. App., 621, this court held that in an indictment for theft where the word "appriate" was used instead of appropriate, that the indictment should have been quashed. In that case the letters "pro" or entire syllable was omitted instead of merely the letter "o" as in this information. We have carefully studied the many decisions of this court on the subject of sufficiency of indictments. In the case of Earp v. State, 41 Texas, 487, where the letter "u" is omitted in spelling the word "fraudulently," the indictment is held valid, and in a number of cases it has been held that bad spelling will not render invalid an otherwise good indictment if the sense is not affected and the meaning can not be mistaken. Earp v. State, 41 Texas, 487; Frances v. State, 44 Texas Crim. Rep., 246; Thomas v. State, 2 Texas Crim. App., 293; Keller v. State, 25 Texas Crim. App., 325; Stinson v. State, 5 Texas Crim. App., 31; Somerville v. State, 6 Texas Crim. App., 433, and in the case of Farmer v. State, 27 S. W. Rep., 197, almost the identical question here presented was passed on and the indictment held valid. In that case, it being a case of theft, the word "appropriate" was spelled "appropiate," the "r" being omitted. In this case the letter "o" is omitted, but there can be no question of the word intended. There seems to be no established rule in this court, except that if only a letter is omitted, and with this omission no other word is spelled, and no other meaning conveyed, the court will consider it a case of bad spelling and refuse to quash the indict-

ment. If an entire syllable is omitted, or with a letter missing a different word is spelled with a different meaning, the indictment will be quashed. In this case only a letter being omitted in spelling a word under the decisions of this court we hold the court did not err in overruling the motion to quash.

There being no statement of facts or bills of exception in the record, the judgment · is affirmed.

*Affirmed.*